

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

June 14, 2006

Thomas G. Connolly, Esq.
Harris Wiltshire & Grannis LLP
1200 18th Street NW
Suite 1200
Washington DC 20036

                Re:    <u>Richard A. Berglund</u>

Dear Mr. Connolly:

       This letter sets forth the full and complete plea offer to your client, Mr. Berglund. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on June 21, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

       1. **Charges:** Mr. Berglund agrees to plead guilty to a one-count Information charging a misdemeanor violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(A)(ii) (Unlawfully Making Campaign Contributions in the Name of Another). It is understood that the guilty plea will be based on the attached Statement of Offense and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

       2. **Potential penalties, assessments, and restitution**: Mr. Berglund understands that the maximum sentence that can be imposed is one year of imprisonment, a fine of $100,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines not timely paid. Notwithstanding the maximum sentence, Mr. Berglund understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2005) (hereinafter "Sentencing Guidelines"). Mr. Berglund understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Berglund further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Berglund's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

3. **Federal Sentencing Guidelines:**

A) The parties agree that the following Guideline Sections apply:

| | | |
|---|---|---|
| 2C1.8(a) | Base Offense Level | 8 |
| 2C1.8(b)(1) | Total loss of between $5,000 and $10,000 | 2 |

B) The parties agree that no other offense characteristics, cross references, or adjustments for role in the offense apply.

C) The parties agree that the applicability of a two-point downward adjustment for acceptance of responsibility is governed by Paragraph 6 of this agreement.

Your client and the government agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Mr. Berglund. As to any calculations made under the Sentencing Guidelines, your client (a) agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in the above paragraph and (b) agrees not to seek a downward departure from the otherwise applicable guideline range. In the event this plea offer is not accepted, or is accepted and subsequently withdrawn or rejected by the Court, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Mr. Berglund agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $25.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Berglund also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, as directed by the writer of the presentence report.

5. **Cooperation:** Mr. Berglund agrees to cooperate completely, candidly, and truthfully in the investigation by this Office, the Federal Bureau of Investigation, and the Defense Criminal Investigative Service. Specifically, Mr. Berglund agrees:

a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

c. to make himself available for interviews by attorneys and law enforcement officers

of the government upon request and reasonable notice;

       d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

       e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

       e. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

       f. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to his by the Court or by the attorney for any party completely, truthfully, and candidly.

       6. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose a sentence at the low end of the Guidelines range; agrees not to oppose Mr. Berglund's release pending sentencing; agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(b); and agrees not to oppose Mr. Berglund's voluntary surrender to commence serving any sentence which is imposed. These government concessions are conditioned on Mr. Berglund's continuing to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Berglund for the offense outlined in the Information. This agreement not to prosecute Mr. Berglund does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Berglund.

       7. **Departure Committee**: At the time of Mr. Berglund's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Berglund to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Mr. Berglund to the United States. If the Departure Committee determines that Mr. Berglund has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Mr. Berglund understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Berglund further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for his to move to withdraw his plea of guilty in this case.

8. **Court is not bound:** Mr. Berglund understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

9. **Reservation of Allocution:** Subject to other provisions in this agreement, the United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Berglund's criminal activities, subject to the provisions of the following paragraph.

10. The United States and Mr. Berglund hereby agree that because Mr. Berglund has agreed to cooperate with the United States, information provided by Mr. Berglund shall not be held against him, except as follows (see Sentencing Guidelines Section 1B1.8):

   A. information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Berglund;

   B. in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

   C. if there is a breach of this agreement by Mr. Berglund, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Mr. Berglund to impeach him at any subsequent proceeding.

11. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

12. **Breach of Agreement:** If Mr. Berglund fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Mr. Berglund should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute his for these offenses to the fullest extent provided by law. In the event

4

of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Berglund release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Berglund will not have the right to withdraw the guilty plea; (c) Mr. Berglund shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Berglund, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Berglund waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

13. In the event of a dispute as to whether Mr. Berglund has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether Mr. Berglund has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Berglund so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mr. Berglund's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Berglund knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

14. **USAO's Criminal Division Bound:** Mr. Berglund understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Berglund.

15. **Waiver of Appeal:** Mr. Berglund is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the judge. Knowing that, Mr. Berglund waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Mr. Berglund to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing

Guideline range pursuant to the provisions of U.S.S.G. § 5K2. Further, defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, Mr. Berglund is aware that his sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, Mr. Berglund knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir. 2002)

16. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Berglund, Mr. Berglund's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Berglund may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Berglund and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: HOWARD R. SKLAMBERG
JOHN P. CARLIN
Assistant United States Attorneys

I have read this plea agreement and have discussed it with my attorney, Thomas G. Connolly, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

6

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 19 Jun 2006

Richard A. Berglund
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6-20-06

Thomas G. Connolly, Esquire
Attorney for the Defendant