UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal Number: |
| v. | : |
| RICHARD A. BERGLUND, Defendant | : |

**FILED**
JUL 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the defendant RICHARD A. BERGLUND and the United States agree and stipulate as follows:

1. Defendant RICHARD A. BERGLUND was employed by MZM, Inc. as the Facility Director of an office of MZM, Inc., located in Martinsville, Virginia.

2. Mitchell J. Wade ("Wade") was the principal owner and Chief Executive Officer of MZM, Inc., which sold equipment and services to the United States Department of Defense (DoD). WADE maintained his office in MZM's headquarters, which was located in Washington, D.C.

3. Representative A was a member of the United States House of Representatives. Representative A's Campaign was Representative A's principal campaign committee, as defined in the Federal Election Campaign Act ("FECA"), Title 2, United States Code Section 431(4). Representative A's Campaign accepted contributions during the 2005-2006 election cycles to support Representative A's re-election to the United States House of Representatives.

## The Scheme

4. In or about March 2005, defendant BERGLUND assisted Wade in a scheme in which Wade reimbursed BERGLUND, BERGLUND's wife, and two MZM employees for contributions to Representative A's Campaign.

5. In or about early March 2005, WADE met with BERGLUND in WADE's Washington, D.C., office. At the meeting, WADE provided cash to BERGLUND and asked him to use the cash to fund contributions to Representative A's campaign in the name of BERGLUND, BERGLUND's wife, and MZM employees who worked in Martinsville, under BERGLUND's supervision. BERGLUND then used $3,000 of WADE's cash to make a $2,000 contribution in his own name and a $2,000 contribution in his wife's name. BERGLUND paid for the remaining $1,000 from his own funds. BERGLUND also provided $2,000 in cash to Employee A and $2,000 in cash to Employee B, and told them that WADE desired that they contribute $2,000 each to Candidate A's Campaign. Employee A and Employee B wrote the desired $2,000 checks to Candidate A's Campaign. The resulting four checks were delivered to WADE, who handed them to Representative A at a March 4, 2005 fund-raising event. The resulting straw contributions are outlined below:

| Date of Contribution (as reported to the FEC) | Straw Contributor | Amount of Contribution |
|---|---|---|
| 3/2/05 | BERGLUND | $2,000 |
| 3/4/05 | BERGLUND's wife | $2,000 |
| 3/4/05 | Employee A | $2,000 |
| 3/4/05 | Employee B | $2,000 |

6. At the time of the events listed in this Statement of Offense, BERGLUND knew that it

2

was unlawful to make contributions in the name of another to a congressional campaign and that his actions were, therefore, unlawful.

KENNETH L. WAINSTEIN<br>
UNITED STATES ATTORNEY<br><br>

*Howard R. Sklamberg*<br>
HOWARD R. SKLAMBERG<br>
JOHN P. CARLIN<br>
Assistant United States Attorneys<br>
555 Fourth Street, N.W.<br>
Washington, DC 20530

## DEFENDANT'S ACCEPTANCE

I have read every word of this three page statement of offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, I agree and stipulate to this statement of offense. I declare under penalty of perjury that it is true and correct.

Date: 19 June 2006

RICHARD A. BERGLUND
Defendant

I have read each of the three pages constituting this statement of offense and reviewed and discussed them with my client. I concur with his decision to stipulate to this statement of offense.

Date: 6-20-06

THOMAS G. CONNOLLY
Attorney for the defendant

3